# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**     ) | |
| ) | |
| **vs.**     ) | **2:12-CR-00030-SLB-SGC-2** |
| ) | |
| **JEMARIS CORTEZ GOSHA,**     ) | |
| ) | |
| **Defendant.**     ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Defendant Jemaris Cortez Gosha's motion to reduce his sentence due to the current COVID-19 pandemic.  (Doc. 48).[1] Although Mr. Gosha does not mention a specific statute as the basis of his request for relief, the court will construe his motion as requesting compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  Upon review of Mr. Gosha's motion, the court finds that Mr. Gosha has not properly exhausted his administrative remedies and has not shown extraordinary and compelling reasons warranting compassionate release.

As background, Mr. Gosha is currently serving an 84-month sentence after pleading guilty to using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).  (Doc. 24).  Mr. Gosha is currently incarcerated at

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.  Page number citations refer to the page numbers assigned to the document by the court's CM/ECF electronic filing system.

Beckley FCI with a scheduled release date of August 5, 2022.  *See* https://www.bop.gov/inmateloc/ (last visited March 8, 2021).

In his motion seeking compassionate release, Mr. Gosha requests that the court reduce his sentence because of the current COVID-19 pandemic.  (Doc. 48 at 1).  He states that he has served nine years in prison and has completed various educational and vocational programs.  He asserts that these programs have helped him overcome his "criminal thinking" and will help him be a productive member of society.  (*Id.*).

The court construes Mr. Gosha's motion for compassionate release as being filed pursuant to 18 U.S.C. § 3582(c)(1)(A).  Section 3582, as amended by the First Step Act of 2018, states that courts generally cannot alter or modify a term of imprisonment after its imposition, but the court can reduce an inmate's term of imprisonment upon a motion for sentence modification from the Bureau of Prisons or from a prisoner, where the prisoner has properly exhausted his or her administrative remedies.  18 U.S.C. § 3582(c)(1)(A).  To exhaust administrative remedies, a prisoner can (1) pursue all avenues of appeal of the Bureau of Prisons' failure to bring a motion for modification of sentence, or (2) file a request for relief with the warden to which the warden does not respond within 30 days.  *Id.*

Where a prisoner has properly exhausted administrative remedies, Section 3582(c)(1)(A), as amended by the First Step Act, allows a court to modify a

defendant's sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable" *if* the court finds that "extraordinary and compelling reasons warrant such a reduction" *and* finds that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In this case, Mr. Gosha has not shown that he has properly exhausted his administrative remedies. The Eleventh Circuit has recently held that "Section 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional." *United States v. Harris*, No. 20-12023, 2021 WL 745262, at *2 (11th Cir. Feb. 26, 2021). However, the COVID-19 pandemic does mean that the administrative exhaustion requirement for motions for compassionate release is waived. *See United States v. Rodrigues*, No. 20-12623, 2021 WL 613825, at *2 (11th Cir. Feb. 17, 2021) ("Despite the unique circumstances presented by the COVID-19 pandemic, and contrary to Mr. Rodrigues' argument, defendants are generally required to comply with the exhaustion requirement in § 3582(c)(1)(A)."). Mr. Gosha has provided the court with no evidence that he requested compassionate release from the warden of his correctional institution, as required to exhaust his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). Accordingly, Mr. Gosha is not entitled to compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A).

Further, even if he had exhausted his administrative remedies, Mr. Gosha has not shown that "extraordinary and compelling" reasons warrant a reduction in his sentence.  *See* 18 U.S.C. 3582(c)(1)(A).  Mr. Gosha has not indicated any reason why he is at higher risk from the COVID-19 pandemic than any other inmate.  Nor has he shown any other extraordinary and compelling reason why his sentence should be reduced.

Accordingly, Mr. Gosha's request for a reduction in sentence, (Doc. 48), is **DENIED**.

**DONE** and **ORDERED** this 8th day of March, 2021.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE